## Segers v. Ayers.

### Opinion delivered May 23, 1910.

1. Judgments—fraud as defense.—The fact that a valid defense existed to a claim against an estate in the probate court will not be ground for equity to set aside the allowance of such claim, as the fraud which will vitiate a judgment must have been practiced in its procurement, not fraud in the original cause of action. (Page 180.)

2. SAME—SUIT TO VACATE—LACHES.—One cannot be heard to complain of a judgment as fraudulent where, with full knowledge of the alleged fraud, she has waited five years after rendition of the judgment, and until her adversary's principal witness has died, before suing to vacate the judgment. (Page 181.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*W. J. Driver,* for appellant.

An administrator is not bound to plead the statute of limitations under ordinary circumstances. 68 Ark. 492. But there are extraordinary circumstances in the case at bar. The fraud which would vitiate a judgment must have been in the procurement thereof. 73 Ark. 440. Equity may refuse relief where it is sought after an undue and unexplained delay. 81 Ark. 284; 86 Ark. 591. Although appellant brought her suit in the wrong forum, it shows that she was vigorously contesting her claim.

*J. T. Coston,* for appellee.

In order to overturn a judgment of the probate court by a proceeding in chancery, it must appear that fraud was used in procuring the judgment. 104 S. W. 548. The administrator had the right to refuse to take an appeal to the circuit court. 119 S. W. 272. All parties are bound by the judgment of allowance unless fraud be shown in the procurement thereof. 84 S. W. 486. The authority of Mrs. Ayers' husband to look after her business generally did not authorize him to collect rents on her lands. 126 S. W. 832; 122 S. W. 992; 66 Ark. 336. Appellant is barred by laches. 121 S. W. 357; 137 U. S. 566; 127 U. S. 347; 143 U. S. 274. Appellant was too late in asking to be made a party in order that she might appeal. 28 Ark. 479. A party who asks that a judgment obtained by fraud be set aside must proceed promptly upon discovering the fraud. 15 N. E. 224; 148 U. S. 369. A delay of eleven months is not excused. 9 N. W. 634. 30 Pa. 42; 42 Atl. 707.

MCCULLOCH, C. J. Margaret Cox, a resident of Mississippi County, Arkansas, died in October, 1903, leaving surviving appellant, Maggie Lee Segers, her sole heir at law. She left an estate consisting of a tract of land in that county, and in July, 1904, E. M. Ayers, the husband of appellee, Sarah J. Ayers,

was appointed administrator of the estate of said decedent. Mrs. Ayers then probated a claim against said estate for the sum of $400, alleged to be due for the rent of land for the years 1893, 1894, 1895 and 1896. The claim was duly authenticated and presented to the administrator, who allowed it, and it was then presented to the probate court, and that court rendered a judgment allowing and classifying the claim. The judgment of the probate court was rendered at the October term, 1904. During that term of the probate court, appellant ascertained that the claim had been allowed by the court, and she employed an attorney to represent her in getting the judgment of allowance set aside. Her attorney requested the administrator to take an appeal to the circuit court, but the latter refused to do so. An appeal was prayed by appellant at the July term, 1905, of the probate court, and a transcript of the proceedings was lodged in the circuit court. Nothing was done in the case until May 3, 1909, when the circuit court dismissed the appeal on the ground that appellant had no right to prosecute an appeal from the judgment of the probate court. Appellant then commenced the present action in the chancery court to set aside the judgment of allowance, on the ground of fraud in its procurement, alleging that the debt claimed against said estate had been paid during the lifetime of Mrs. Cox to said E. M. Ayers, as husband and agent of appellee, and that, if the same had not been paid as aforesaid, it was barred by the statute of limitations long before it was presented to the administrator. Appellee answered the complaint, and on final hearing of the case the chancellor dismissed the complaint for want of equity.

Appellant introduced a witness who testified that the rents for the years 1895 and 1896 were paid to E. M. Ayers. E. M. Ayers died before the commencement of this action, and appellee testified that she had no recollection of ever having received the rent for the years claimed. Fraud in the procurement of the judgment can not be predicated on the fact that the debt was barred by the statute of limitations, for this was apparent from the face of the claim presented to the court, and there was no evidence that the facts were misrepresented to the court, or that the facts on that point were concealed from the court. The fact alone that there was a valid defense to the claim will not defeat the judgment, for fraud which will vitiate a judg-

ment is that practiced in its procurement, not fraud in the orig-
inal cause of action. *Scott* v. *Penn,* 68 Ark. 492; *James* v. *Gib-
son,* 74 Ark. 440.

It is insisted, however, that the failure of E. M. Ayers
to disclose to the court the fact that he had collected a part of
the amount for which the claim was being asserted constituted
a fraudulent concealment from the court of material facts, and
amounted to a fraudulent procurement of the judgment of al-
lowance. We do not deem it necessary to pass on that ques-
tion, for we are of the opinion that appellant is barred by laches
from attempting at this time to set aside the judgment on the
alleged ground that the debt had been paid to appellee's hus-
band. Appellant, with full knowledge of the rendition of the
judgment, waited about five years before commencing the ac-
tion. In the meantime, appellee's husband, E. M. Ayers, to
whom payments on the debt are claimed to have been made,
and who is alleged to have practiced fraud in procuring the
judgment, died. Appellee had no means of rebutting the testi-
mony adduced by appellant as to said payments, and by this
delay she was deprived of the opportunity to present her side
of the question. It is no excuse to say that during the period
of delay the appeal from the judgment was pending in the
circuit court. She is not excused by the time frittered away
attempting to prosecute an unauthorized appeal. No reason is
given why the case was permitted to lie undisposed of in the
circuit court for four years.

Chief Justice ENGLISH, speaking for the court in *Wilson*
v. *Anthony,* 19 Ark. 16, said: "Where the statute is not relied
on as a defense, or where there is no statute of limitation, a
court of equity will not aid in enforcing stale demands, where
the party had been guilty of negligence, and slept upon his
rights. The chancellor refuses to interfere after an unreasonable
lapse of time from considerations of public policy, and from the
difficulty of doing entire justice when the original transactions
have become obscured by time, and the evidence may be lost.
(Citing authorities). No precise rule, applicable to all cases,
as to what lapse of time will constitute a demand a stale one,
in the sense above indicated, can be declared. Each case must,
to some extent, depend on its own circumstances, and will be

construed or modified by them, and by analogy to other known and settled rules of law."

The Supreme Court of the United States announces the same rule in language which is entirely pertinent to the question now before us: "The doctrine of laches is based upon grounds of public policy, which require for the peace of society the discouragement of stale demands. And where the difficulty of doing entire justice by reason of the death of the principal witness or witnesses, or from the original transactions having become obscure by time, is attributable to gross negligence or deliberate delay, a court of equity will not aid a party whose application is thus destitute of conscience, good faith and reasonable diligence." *Mackall* v. *Casilear,* 137 U. S. 556. See also as illustrative of this doctrine *Stuckey* v. *Lockard,* 87 Ark. 232; *Jackson* v. *Becktold Ptg. Co.,* 86 Ark. 591.

We are clearly of the opinion that the unreasonable delay in bringing the suit, coupled with appellee's loss of evidence by reason of the death of E. M. Ayers during the period of delay, is sufficient to warrant a court of equity in refusing to set aside the judgment for alleged fraud in the procurement thereof. For this reason the decree is affirmed.