STEWART *v*. STEWART.

Opinion delivered November 20, 1911.

1. DIVORCE—ALIMONY AND ATTORNEY'S FEES.—Under Kirby's Digest' section 2679, providing that "during the pendency of an action for divorce or alimony the court may allow the wife maintenance and a reasonable fee for her attorneys," where a petition is filed to set aside a default decree obtained upon constructive service, alleging that such decree was procured by fraud, the court may, without setting aside the decree, allow the defendant temporary alimony and attorney's fees. (Page 88.)

2. SAME—FRAUD IN PROCUREMENT OF DECREE.—A decree of divorce based upon constructive service will not be set aside as fraudulent because false testimony was introduced in the case. (Page 89.)

3. SAME—FRAUD.—Where plaintiff procured a decree of divorce by default based upon constructive service without actual notice to his wife, and without advising her attorney *ad litem* as to her address when it was known to him, his conduct amounts to such fraud as would justify the setting aside of such decree. (Page 89.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Geo. L. Basham,* for appellant.

1. The chancery court was without jurisdiction to allow temporary alimony after the decree for divorce was rendered and while same was still standing in full force and effect. There was then no "pendency of an action for divorce." Kirby's Digest, § 2679; 102 Ala. 353; 34 Minn. 441.

2. If the proceedings to set aside the decree can be construed to bring the question of alimony, etc., within the meaning and intent of the statute *supra,* then the order granting appellee alimony, etc., was nevertheless erroneous, because no sufficient grounds are shown why the decree should be set aside. 2 Bishop on Marriage and Divorce, § 932; *Id.* §1 556; *Id.* § 1557; 30 Ark. 73; 2 Paige 454; 3 Enc. Pl. & Pr. 630; 70 N. Y. 8.

*Terry, Downie & Streepey,* for appellee.

1. In its decree granting the divorce the court retained "control of the cause for such further orders and proceedings as may be necessary to ascertain definitely, and enforce the rights of the parties hereto in the property herein referred to."

The decree was therefore not entirely conclusive, but so far as the property rights of the parties are concerned is still pending, and appellee is entitled to alimony upon application and a proper showing that she is entitled to it. Kirby's Digest, § § 2679, 6259; 44 Ark. 46.

2. The allegations in the petition are sufficient. Conceding that, where both parties have had their day in court and the question in dispute is determined, the losing party can not ask that the judgment be set aside because it was rendered upon false testimony, yet that principle will not bar a party

who was never notified of the pendency of the suit and has had no opportunity to interpose a defense. Sufficient ground is also set up in the allegation that, though appellant well knew the address of the appellee yet she was never notified of pendency of the suit, and that the attorney *ad litem* who was appointed made no effort to inform her. Kirby's Digest, § 6254; 23 Wis. 452; 59 Ark. 5; 73 Ark. 281; 11 Am. Rep. (Mass.) 393.

McCULLOCH, C. J. Appellant, John F. Stewart, in December, 1910, sued his wife, the appellee, Sarah G. Stewart, in the chancery court of Pulaski County, Arkansas, for a divorce, on the alleged ground of wilful desertion, and on February 17, 1911, the court rendered a decree in accordance with the prayer of the complaint.

Appellee resided at Topeka, Kansas, and the decree was based upon constructive service. In July, 1911, appellee filed a petition in the chancery court to have said decree annulled on the alleged ground that it was obtained by fraud, and she also asked for an allowance for maintenance and attorney's fees, etc., during the pendency of the proceedings.

The court made an order directing appellant to pay appellee an allowance of $25 per month during the pendency of the proceedings, also $50 for attorney's fees and $15 for other expenses of suit. From this order of allowance an appeal has been prosecuted.

It is insisted, in the first place, that the court could not make an allowance for temporary alimony, etc., without first setting aside the decree for divorce. Our statute provides that "during the pendency of an action for divorce or alimony, the court may allow the wife maintenance and a reasonable fee for her attorneys." Kirby's Digest, § 2679. We think it is clearly within the spirit of the statute to treat the petition to set aside the divorce decree on the ground of fraud as being during the pendency of the action for divorce, so far as relates to the power of the court to make an allowance for maintenance and expenses of the litigation. The manifest purpose of the statute is to provide for the wife's maintenance so long as the status of the parties is in litigation, and while proceedings are pending to set aside the divorce decree on account of fraud the pendency of the litigation continues. Learned counsel for appellant relies upon *Golden* v. *Golden*, 102 Ala. 353, as sustain-

ing his contention that the court should not have made the allowance. In that case, however, it appears that the wife filed a petition to cancel the divorce decree and to obtain alimony, and the court refused to set aside the decree, but made a permanent allowance as alimony, and the Supreme Court of Alabama held that it was error to do so. That decision was clearly correct, because when the court refused to set aside the divorce decree the litigation ended, and no allowance for alimony should have been made. In the present case, however, the chancery court did not decline to set aside the divorce decree, and the proceeding is still pending there, but the court simply made a temporary allowance for the wife's maintenance and for her expenses of the litigation during the pendency of the proceedings. We are of the opinion that it was within the province of the court to do that, and that it falls within the terms of our statute which authorizes it.

It is next insisted that appellee's petition does not state sufficient grounds for setting aside the decree, and that for that reason the chancellor erred in entertaining it and in making the temporary allowance. It is alleged in the petition that appellee and appellant resided together at Topeka, Kansas, that appellant came to Arkansas and left appellee in Topeka, she being an invalid and confined to her bed, and that her condition has been such that she has never been able to come to Arkansas to join her husband. She denied that she ever deserted appellant, and alleged that the testimony upon which the divorce decree was secured was false. She also alleged that she continued to reside at the place where her husband left her in the year 1906, and that he knew her address at the time the action for divorce was instituted, but that she was not notified of the pendency of the action, and did not hear of it until some time after the decree had been granted. The report of the attorney appointed by the court for the nonresident defendant (appellee) recites that "he has been unable to learn the present location of said Sarah Stewart, defendant, and therefore has been unable to notify her of the pendency of this suit."

The introduction of false testimony was not sufficient to warrant the court in setting aside the decree on account of fraud in its procurement.

The other allegation is, however, sufficient to warrant the

court in finding that appellant connived at the suppression of information of the pendency of the action. It appears, from the allegations of the petition and the record in the case, that, though appellant well knew of appellee's address in Topeka and of her ignorance of the pendency of the suit, he failed to impart this information to the attorney appointed by the court and rested upon the latter's report that he had been unable to ascertain appellee's whereabouts so as to notify her. This, if true, was equivalent to suppressing information to which appellee was entitled. It was appellant's duty to the court to see that his wife was notified of the pendency of the suit if he was aware of her situation. Appellant's conduct, we think, if established as set forth in the petition, amounted to such fraud as would justify the court in setting aside the decree. *Womack* v. *Womack*, 73 Ark. 281; *Johnson* v. *Coleman*, 23 Wis. 452.

It may be that the allegations of the petition lack certainty and definiteness in failing to state specifically that appellant faied to give information of his wife's whereabouts to the attorney appointed by the court; but the petition can be amended in that respect. In its present condition we are of the opinion that, in the absence of a motion to make more definite and certain, it states, in an imperfect manner, grounds for setting aside the decree.

We can not see that the chancellor was in error in making an allowance to appellee during the pendency of the proceedings, and the decree is therefore affirmed.