YOUNG *v.* YOUNG.

4-3759

Opinion delivered March 11, 1935.

*R. S. Wilson* and *Joseph R. Brown,* for appellant.

*Batchelor & Batchelor,* for appellee.

JOHNSON, C. J. On July 19, 1934, appellant, Annie L. Young, filed in the Crawford Chancery Court a motion to the following effect: That on March 18, 1904, E. T. Young, appellee here, filed a petition for divorce against appellant, alleging indignities to person; that, for the purpose of constructive services on appellant, appellee filed an affidavit in said cause, stating that appellant was a nonresident of the State of Arkansas, but failed to state therein appellant's post office address, although well known to appellee; that, without notice to appellant, appellee produced in said cause false and perjured testimony which was relied upon by the trial court, and which superinduced said decree of divorce; that this decree was entered on May 29, 1904; that appellant had no actual knowledge of said fraudulent divorce decree until April 30, 1928, and, upon being apprised thereof, she suffered a mental and physical collapse from which she has continuously suffered until the filing of this motion. Appellant further denied each material allegation of appellee's divorce complaint and prayed that the decree of May 29, 1904, be set aside and vacated. To the motion thus filed appellee interposed a general demurrer, which was sustained by the trial court, and, the motion being dismissed, this appeal follows.

The trial court was correct in sustaining appellee's demurrer to appellant's motion to vacate the divorce decree of May 29, 1904. Conceding that the divorce proceedings of 1904 as instituted and prosecuted by appellee were irregular, it by no means follows that appellant may now raise the question. Appellant admits in her motion to vacate that she was actually apprised of said divorce decree on April 30, 1928, and thereafter delayed filing her motion to vacate said decree until July 19, 1934, or more than six years after receipt of actual knowledge and information. This delay was unreasonable and precludes appellant bringing into question the invalidity of said decree. It is the imperative duty of one who seeks to vacate a decree to act promptly in this behalf. *Edwards* v. *Edwards,* 187 Ark. 545, 61 S. W. (2d) 53; *Ready* v.

*Ozan Investment Co., ante* p. 506; *Segars* v. *Ayers,* 95 Ark. 178, 128 S. W. 1045; and *Jackson* v. *Becktold,* 86 Ark. 591, 112 S. W. 161.

True, appellant undertakes to excuse this unreasonable delay by alleging that she suffered a mental and physical collapse upon being apprised of the divorce decree, but this allegation is a mere conclusion of the pleader and states no facts which would excuse the delay.

Moreover, this proceeding undertakes to vacate a decree of divorce rendered more than thirty years prior to the filing of the motion. The sustaining of this motion would result in voiding all marital contracts and obligations assumed by the parties subsequent to said decree. The State is a silent third party to all marital contracts and divorce proceedings and is directly interested in the final results thereof. It would be against the established public policy of this State to permit the vacation of a decree of divorce after the lapse of thirty years except upon the clearest grounds of fraud in its procurement, and we do not believe that such grounds are made to appear from the allegations of appellant's motion. See case note L. R. A. 1917 B, page 409.

No error appearing, the decree is affirmed.