RICE .v. MOORE.

4-4731

Opinion delivered October 4, 1937.

*Edward Gordon,* for appellant.
*Strait & Strait,* for appellees.

BAKER, J. John A. Rice and the appellant were secretly married. They married and lived at Morrilton, Arkansas. After a few months John A. Rice filed a suit in the Dardanelle district of Yell county, praying for a divorce. Decree was rendered March 18, 1929, upon personal service had in the same district and county. There-

after, on the 16th day of June, 1931, Mrs. J. J. Roe Rice married M. C. Phillips, later moved with him to California, resided there for a period of about forty days and then returned to Morrilton. She says she returned upon receipt of a letter from her former husband, advising her that she was not legally married to Phillips as the divorce decree rendered in the Dardanelle district of Yell county was never a legal or valid decree. After her return to Morrilton she and Rice resumed their former custom of living, in the same house. Their marriage and divorce were not known to their friends or relatives. Thereafter, when she had become ill and was taken to the hospital, John A. Rice was taken by some of his relatives to the home of L. W. Moore, a son-in-law, where he died on November 22, 1932. Mrs. Rice, then Mrs. Phillips, filed a petition to secure a homestead and dower interest in the estate of John A. Rice, and upon being confronted with the decree of divorce, rendered on the 18th day of March, 1929, she filed a suit or motion to set aside and vacate the decree so rendered in the chancery court of the Dardanelle district of Yell county. The sole ground set up in her motion, or complaint, as she calls it, on appeal, is ''that John A. Rice, the husband of this plaintiff, who was at the time a resident and citizen of Conway county, Arkansas, filed suit in the chancery court of the Dardanelle district of Yell county, Arkansas, and at the March term, 1929, obtained a decree of divorce. * * * It was necessary for the said John A. Rice to allege and prove that he was a resident of the Dardanelle district of Yell county, Arkansas; that the said John A. Rice did in said petition allege that he was a resident of the Dardanelle district of Yell county, Arkansas, and proved same to the satisfaction of this court, when in truth and in fact he was not a resident of the Dardanelle district of Yell county, Arkansas, but was an actual resident of the city of Morrilton, Conway county, Arkansas; that in testifying that he was a resident of the Dardanelle district of Yell county, Arkansas, the said John A. Rice perpetrated a fraud upon the court in procuring said decree, and that said cause should be reopened, said judgment set aside and the cause dismissed for the reason that the

chancery court of the Dardanelle district of Yell county did not and does not have jurisdiction over the parties and could not hear and determine said cause.''

No other reason is given or assigned by the appellant to justify the setting aside of the former decree.

Upon a final hearing by the chancellor considerable proof was taken upon the one or sole issue before the court, and the chancellor prepared an elaborate finding of facts and declarations of law, and ordered the decree in accordance therewith, upholding the former decree.

If the case were of sufficient importance, we feel we would be justified in adopting the chancellor's opinion as our own, but his summation and decision are somewhat lengthy and we think it unnecessary to extend unduly the opinion in this case.

Appellant misconceived the meaning of the somewhat popular expression, "a fraud upon the court." No all-inclusive definition of the expression will be attempted, but, negatively, it may be said that, ordinarily, the giving of false or untrue testimony is not such fraud. If this were not true, it is certain that the absolute verities said to obtain in judgments would perish, and frequently judgments might be successfully attacked as soon as it became impossible to reproduce the testimony upon which they were founded. Such a condition would be intolerable and chaotic. *Lambie* v. *Rawley Co.,* 178 Ark. 1019, 14 S. W. (2d) 245; *American Liberty Ins. Co.* v. *Washington,* 183 Ark. 497, 36 S. W. (2d) 963; *Parker* v. *Nixon,* 184 Ark. 1085, 44 S. W. (2d) 1088.

The foregoing is sufficient for a settlement of this controversy, but, since counsel have so earnestly argued some collateral facts, we will discuss them as briefly as possible.

Proof taken upon this trial shows that John A. Rice first went to Dardanelle to have suit filed. He did not have sufficient money, according to the testimony, to justify the filing of the suit upon his first trip. Later, according to the appellant, she went with him to Dardanelle. Her object in going was to afford the officer an opportunity to serve upon her a summons. She did not wish to act in any manner in opposition to her husband's

wishes. According to other proof taken she remained at the office of the lawyer for a time and when it became necessary to have John A. Rice present, there is some proof to the effect that the young man, or boy, who drove the car to Dardanelle was sent to Stringtown in the Dardanelle district of Yell county to bring Mr. Rice to the lawyer's office. After a short time, the young man returned with the report that he had met Mr. Rice coming to town. The suit was filed, summons was placed in the hands of the deputy sheriff, who, according to the plan and arrangement between the parties, served summons upon Mrs. Rice at the lawyer's office. This, of course, amounted to a voluntary entry of appearance upon her part and must be so deemed from the further fact she did not employ counsel, did not file any answer or other pleadings in the suit she knew was pending, that she permitted the husband to take the divorce and knew thereafter when the decree was granted, and did not then seek, in any manner, to set aside or annul the decree.

Moreover, on June 16, 1931, she married M. C. Phillips and sometime thereafter left the state of Arkansas for a short period. She was gone only about forty days and returned a few weeks before the death of her former husband. After his death, and only when his property came into controversy, did she seek to set aside the divorce decree which had then been in full force and effect for more than five years. We have but recently declared that one who seeks to set aside or vacate a decree must act promptly. *Young* v. *Young,* 190 Ark. 530, 531, 79 S. W. (2d) 1005.

In that case, we also said: ''The state is a silent third party to all marital contracts and divorce proceedings and is directly interested in the final results thereof.''

Judgments and decrees do import absolute verities and the public policy of the state is not such that it will permit, after changed conditions and after the parties have assumed new relations, the vacation of a decree at the whim of the then surviving party to the former litigation and particularly in the absence of any fraud. Although in the former trial, the court upon substantial evidence determined otherwise, it is urged most vigor-

ously in this case that there was fraud in the filing of the suit in Yell county, when it should have been filed in Conway county, the place of the then alleged residence of the plaintiff. . If there was fraud in this matter, it was one in which the appellant here was as guilty as the deceased plaintiff. In fact, the trend of the evidence is such that it is urged by counsel for appellees that the appellant here, not her deceased former husband, was the dominant party in the filing and maintenance of the suit for divorce in Yell county. However that may be, she participated in it to the extent of making possible what she now alleges was a fraudulent procurement of the decree of divorce and she continued to acquiesce in it until it became advantageous to her financially, to change her attitude and in effect plead herself guilty of a bigamous marriage, hoping that she might share or take a widow's allowance, homestead and dower in the property of John A. Rice, deceased. She does not come with clean hands. She did not proceed with any degree of promptness. There is no equity in her conduct. *Maples* v. *Maples*, 187 Ark. 127, 58 S. W. (2d) 930; *Corney* v. *Corney*, 97 Ark. 117, 133 S. W. 813.

In the last above cited case, the delay in proceeding was but two years. *Vanness* v. *Vanness*, 128 Ark. 543, 194 S. W. 498.

A further discussion would unduly extend this opinion. That is not warranted.

It follows, the decree should be affirmed. So ordered.