## Lewis v. Lewis.

4-8704                                217 S. W. 2d 346

Opinion delivered January 24, 1949.

Rehearing denied February 28, 1949.

*Leland F. Leatherman,* for appellant.

*Roy Mitchell,* for appellee.

George Rose Smith, J. On December 11, 1945, the appellee obtained a divorce in Garland county, his wife being a resident of Montana. In the following August, she filed a complaint to vacate the decree, on the ground that by giving a fictitious address in his affidavit for warning order the appellee had prevented her from knowing anything about the suit until she received a copy of the decree on February 4. The chancellor refused to set the decree aside.

Appellee gave the address as 1501 South Fifth Street, West, Missoula, Montana, when in fact appellant was living at 1901 South Fifth Street, West. The attorney *ad litem* sent a letter of notification to the former number, but it was returned with notations of "No Such

Number" and "For Better Address." Appellee testified that his wife had written him that she had moved from No. 1901 to No. 1501, but he did not produce this letter. He also testified that he employed a Missoula attorney in an effort to find appellant. This lawyer wrote on November 26 that he had offered a copy of appellee's complaint to the attorney acting for appellant in a divorce action of her own in Missoula, but her attorney stated that he had no authority to accept service. Although this letter further inquired whether appellee wanted a summons served on his wife, the appellee apparently dropped his search at that point and obtained his decree two weeks later.

We think the proof entitled appellant to the relief sought. The correct address was the home of appellant's parents, which the appellee knew, the couple having lived in Missoula until their separation in August, 1945. The suit was filed in October, and appellant introduced correctly addressed letters written to her by appellee in the preceding August and September. Even if we accept appellee's explanation of the error, as the chancellor must have done, he could still have found the appellant with very little effort. His Missoula attorney's letter of November 26 contained an offer to obtain service, which appellee ignored. Within less than two months after the decree was rendered the appellee did ascertain appellant's whereabouts and supplied her with a copy of the decree—which he pleaded a few days later in bar of her Montana suit. When we consider that appellee was familiar with Missoula and knew the address of his wife's parents, with whom she was actually living, we think his failure to notify her of the pendency of his suit requires that the decree be vacated. *Stewart* v. *Stewart,* 101 Ark. 86, 141 S. W. 193.

Appellant sufficiently alleged a meritorious defense by asserting that the separation was caused by her husband's conduct, which was described, rather than by hers. Her delay of six months in bringing this action was not unreasonable in view of her explanation and the absence of any change of position on appellee's part.

Reversed.