269 P.2d 718

**GREEN  v.  GREEN.**

No. 5757.

Supreme Court of Arizona.

April 26, 1954.

Moore & Moore, Phoenix, Morgan E. Thomas, Atlantic City, N. J., of counsel, ·for appellant.

Kramer, Roche & Perry and Burr Sutter, Phoenix, for appellee.

WINDES, Justice.

In November, 1950, Helen Green, appellant, filed an action against Isadore Green, appellee, asking to set aside a judgment rendered by the Superior Court of Maricopa County on April 30, 1949, in cause No. 25523, wherein appellee was granted a divorce from appellant and their property rights adjudicated in accordance with a property settlement agreement theretofore entered into between the parties. The case was tried before a jury and the court made findings of fact and rendered judgment against appellant.

The basis of appellant's claimed right to set aside the judgment in cause No. 25523 is, so far as material here, that the plaintiff and defendant had not been bona fide residents of the state a sufficient length of time to give the court jurisdiction. In the judgment, appellant was allowed $200 attorney fees and was awarded her personal effects and $7,000 in lieu of support, maintenance and alimony, which amount appellant has received. Attorney Robert H. Renaud accepted service of summons for defendant therein (appellant herein), appeared for appellant in the action, and filed an answer on her behalf admitting the jurisdictional facts of residence, and filed an affidavit that he had been authorized to represent her in the action and filed all necessary papers to protect her rights. It appears that since the divorce decree appellee has remarried.

At the opening of the trial, appellant moved for judgment on the pleadings on the ground that the record in cause No. 25523 shows affirmatively that the defendant therein (appellant herein) was not served with summons; that no authorized person was served in her behalf; that no affidavit was filed as required by rule 80(e), Rules of Civil Procedure, section 21–2005, A.C.A. 1939, which reads as follows:

"In all cases of divorce the attorneys appearing for a defendant who has not been personally served shall by affidavit show their authority to act for such defendant."

This motion was denied.

■■■ Prior to the institution of the divorce action, appellant sought counsel of her own choice and engaged attorney Robert H. Renaud. Under date of February 5, 1949, appellant addressed the following communication to Mr. Renaud:

"Please be advised that I do hereby authorize you to act as my Attorney during the negotiations preceding the divorce suit, which I understand my husband is to file against me, and after the said suit is filed, I do hereby authorize you to act for and in my behalf, filing any papers which you may deem necessary to protect my interest."

Appellant urges us to hold under these circumstances that the court acquired no jurisdiction over the person of appellant for the reason that the summons was not served upon her personally. There is no legal reason why a party to litigation cannot, with knowledge that an action is contemplated, authorize a duly licensed attorney to appear and file answer and thereby subject such party to the jurisdiction of the court over his person. There is no force whatever to appellant's contention the court had no jurisdiction over her person because the summons was not served upon her personally. Section 21–2005, supra, was in no way violated. The purpose of this section is to require counsel appearing for one not personally served to prove his authority by affidavit. Mr. Renaud made an affidavit and, in addition, has now submitted to the court the communication of the client proving his affidavit to be true. While we believe said rule 80(e) contemplates that the affidavit of authority be signed by the client to be represented, yet the important matter for consideration is whether the client in fact authorized the representation. We fail to perceive how, in view of appellant's written communication, she can now be heard to deny Mr. Renaud's authority. The mere irregularity of the attorney in failing to have the letter of authority sworn to cannot permit her to set aside a judgment secured under such circumstances.

■■■ In accordance with the finding of the jury in response to an interrogatory submitted, the trial court found as a fact that at the time the divorce action was filed the plaintiff therein (appellee herein) had not been a bona fide resident of the state of Arizona for one year nor of the county of Maricopa for six months. It is contended that the court had no jurisdiction over the subject matter of the divorce action and it is therefore void. Clearly, under this finding, the court in fact had no jurisdiction over the subject matter of the action and as to an innocent party it would no doubt be set aside. Under certain circum-

stances, however, the parties may be estopped to question the validity of a judgment for lack of jurisdiction. As applied to a divorce decree, the general rule is that if one's conduct has led to the obtaining of the decree, or if his conduct for any other reason has been such as would make it inequitable to allow him to deny the validity of the decree, the courts will not listen to his pleas of invalidity. Restatement of the Law, 1948 Supplement, Conflict of Laws, section 112, comment (c). Under such circumstances, equity closes the door and refuses to disturb the situation thus created. This is not the equivalent of allowing parties to confer jurisdiction by consent; it is merely saying the court refuses to grant relief to a guilty party. We recognized these principles in the recent case of Brandt v. Brandt, 76 Ariz. 154, 261 P.2d 978. In that case the trial court ruled that on the facts therein the widow was not estopped to question a divorce on jurisdictional grounds, and we affirmed because the facts were not such as to compel the trial court to rule otherwise, it being a matter within its sound discretion.

The facts in this case clearly show that appellant participated in the fraud practiced upon the court by admitting that plaintiff was a bona fide resident of the state, a fact she is bound to have known was not true. She not only allowed the court to grant the decree but she encouraged and assisted in causing the same. She received the benefit of a property settlement agreement amounting to over $7,000; she helped to create the situation that resulted in the remarriage of appellee. She now asks relief from her own fraud. A court of equity will fail to listen to her plea under such circumstances. Confer v. Second Judicial Dist. Court, 49 Nev. 18, 234 P. 688, 236 P. 1097; Rice v. Moore, 194 Ark. 585, 109 S.W.2d 148.

The trial court was clearly correct in refusing to disturb the decree.

Judgment affirmed.

PHELPS, C. J., and STANFORD, LA PRADE and UDALL, JJ., concur.