[No. 36427.   Department Two.   May 4, 1962.]

THE STATE OF WASHINGTON, *on the Relation of Ioleene Richey as Guardian ad Litem, Relator,* v. THE SUPERIOR COURT FOR KING COUNTY, *William G. Long, Judge, Respondent.**

*Reported in 371 P. (2d) 51.

*Lloyd Holtz,* for relator.

*Charles O. Carroll* and *Robert E. Dixon,* for respondent.

OTT, J.—Anthony Reese was born on December 30, 1948. When he was four years of age, his parents, Jewel and Lena Reese, abandoned him. February 10, 1958, he was adjudicated a ward of the Juvenile Court for King County, and placed in the custody of the Department of Public Assistance to arrange for his care. The department placed Anthony in a foster home operated by Woodrow Richey and Ioleene Richey, his wife. He remained there until he was taken to Harborview Hospital by Frances Lofgren, of the department, on May 17, 1961. On the same day, Frances Lofgren filed an application in the Superior Court for King County, in which she alleged that Anthony Reese (then twelve years of age) was a mentally ill person and should be apprehended and detained as such.

The superior court, as authorized by RCW 71.02.120, ordered Anthony detained at the hospital and fixed the time and place for a hearing on the application at 10:00 a. m., May 18, 1961, at Harborview Hospital in Seattle. Anthony Reese being a ward of the state, the following notice of hearing upon the application was directed to him and to the King County Juvenile Court:

"You are hereby notified that an application, a copy of which accompanies this notice, has been filed in the Superior Court of KING County, Washington, by FRANCES LOFGREN on May 17, 1961, alleging that ANTHONY REESE, who is being detained at KING COUNTY HOSPITAL, is mentally ill and should be hospitalized. The alleged mentally ill person, and the guardian, relatives or friends of such person, have the right to appear before the Court to make reply to this allegation, and to summon or produce witnesses and evidence as desired.

"The alleged mentally ill person, or such person's guardian, attorney or guardian *ad litem,* has the right, before or at the commencement of the hearing upon said application, to demand a trial by jury; a demand for jury trial shall be in writing, filed with the Court, and accompanied by a jury fee of $12.00. The alleged mentally ill person also has the right to be represented by an attorney.

"You are further hereby advised that the hearing upon the above described application has been set for the 18th day of MAY, 1961, at the hour of 10:00 (a. m.) in the court room at KING COUNTY HOSPITAL, KING County, Washington.

"Dated this 17th day of MAY, 1961."

At the hearing before a Court Commissioner, Drs. John B. Riley and Jack J. Klein, who had been appointed by the court to examine Anthony Reese, testified relative to their examination and conclusion that he was mentally ill and should be hospitalized at Western State Hospital. The order of hospitalization was entered May 18, 1961. Anthony Reese has been treated and cared for at Western State Hospital since that time.

June 6, 1961, Woodrow Richey and Ioleene Richey, individually, and on behalf of Anthony Reese, a minor, appeared specially and moved to quash the order of commitment. The affidavit in support of the motion alleged that the proceeding in which Anthony Reese was adjudicated a mentally ill person was irregular and void for the reason that no guardian ad litem or attorney had been appointed to represent the minor at the hearing.

Upon stipulation of counsel, an agreed order was entered June 23, 1961, that the issues raised by the motion could be heard by the judge of the Juvenile Court for King County, and the cause was, by order, transferred to the juvenile court. Thereafter, the juvenile court appointed Ioleene Richey as guardian ad litem for Anthony Reese and authorized her to appear and represent the minor in all matters. The guardian ad litem moved the court to reconsider the memorandum decision by which the adjudication of Anthony Reese as a mentally ill person was sustained. The motion for reconsideration was granted and, at the hearing on February 8, 1962, Ioleene Richey and Frances Lofgren

testified. At the conclusion of the hearing, the court entered the following order:

"This matter came on regularly for hearing before the undersigned judge of the above-entitled court upon a Special Appearance and Motion to Quash, and also on a Motion to Vacate the Judgment. The moving parties are IOLEENE RICHEY as Guardian ad Litem for ANTHONY REESE, a minor, and WOODROW RICHEY and IOLEENE RICHEY, acting individually and on behalf of ANTHONY REESE, a minor.

"On the 8th day of February, 1962, this court heard the foregoing motions, together with testimony of ANTHONY REESE, IOLEENE REESE [Richey] and FRANCES LOFGREN, a social worker in the Welfare Department of the State of Washington. The court finds the following:

"That ANTHONY REESE is now 12 years of age. Several years ago he was made a ward of Juvenile Court of King County, and was placed in the temporary custody of the Welfare Department of the State of Washington. In September of 1957, ANTHONY REESE was placed by the Welfare Department with WOODROW RICHEY and IOLEENE RICHEY, his wife, on a foster-home basis. He remained the ward of the court. On May 17, 1961, this commitment proceeding was instituted, and in the afternoon of May 17, 1961, ANTHONY REESE was taken from the Richey home to the Harborview Hospital. A mental illness hearing was scheduled for the next day at 10:00 o'clock A. M. FRANCES LOFGREN, the social worker, at the time of taking ANTHONY REESE from the Richey home, told the Richeys that there would be this hearing the next morning. The Richeys asked Mrs. Lofgren if they could be present at the hearing. FRANCES LOFGREN told the Richeys that they could not attend the hearing. No notice of a hearing was served on the Richeys. The hearing was held at the Harborview Hospital at about 10:00 o'clock A. M. on May 18, 1961. No Guardian ad Litem was appointed for ANTHONY REESE, nor at that time was he represented by an attorney. On the 18th day of May, 1961, a judgment and order of commitment was entered and ANTHONY REESE was then committed and sent to the Western State Hospital at Steilacoom, Washington, where he has been ever since and is now.

"On the 11th day of December, 1961, this court filed herein its Memorandum Decision denying the Richeys and ANTHONY REESE any relief. Thereafter, on the 8th day of February, 1962, the court appointed IOLEENE RICHEY as Guardian ad Litem for ANTHONY REESE, and authorized her to rep-

resent ANTHONY REESE in all matters herein. Thereupon, a Motion for Reconsideration was filed herein and granted by this court. IOLEENE RICHEY, as Guardian ad Litem for ANTHONY REESE, and WOODROW RICHEY and IOLEENE RICHEY, individually, and on behalf of ANTHONY REESE, a minor, did again urge the granting of the motions as made herein. The court having fully considered the matter and being fully advised, now, therefore,

"IT IS ORDERED that the Special Appearance and Motion to Quash and Motion to Vacate the Judgment as made by IOLEENE RICHEY, as Guardian ad Litem of ANTHONY REESE, a minor, and by WOODROW RICHEY and IOLEENE RICHEY, his wife, individually, and on behalf of ANTHONY REESE, a minor, be and the same are denied.

"Done in open court this 8th day of Feb. 1962."

The guardian ad litem seeks, by this certiorari proceeding, to review the legality of the proceedings by which Anthony Reese was adjudicated a mentally ill person.

When an abandoned child becomes a ward of the state, the juvenile court's status becomes that of a guardian of the person and estate of the minor. RCW 13.04.010; *In re Ross*, 45 Wn. (2d) 654, 277 P. (2d) 335 (1954). The parents of the minor, by virtue of the adjudication, lose their right to the care and custody of the child. *In re Miller*, 40 Wn. (2d) 319, 242 P. (2d) 1016 (1952), and cases cited; *In re Ross, supra*. The court is thereby vested with full authority to arrange for custody and care, and those who furnish foster care are agents of the court. Those performing foster care for the court are required to provide a suitable home, with adequate food and clothing, moral guidance, and to keep the court advised as to the child's physical and mental health, as well as his progress in school.

Superior courts of this state have jurisdiction to hear and determine cases involving mentally ill persons, by virtue of Art. 4 of the Constitution of the State of Washington and the enabling statutes, RCW 71. See *In re Ellern*, 23 Wn. (2d) 219, 160 P. (2d) 639 (1945); *In re Higdon*, 30 Wn. (2d) 546, 192 P. (2d) 744 (1948); *Nichols v. Severtsen*, 39 Wn. (2d) 836, 239 P. (2d) 349 (1951). A proceeding to adjudicate a person as mentally ill is a civil proceeding. RCW 71.02.160. An individual alleged, in the application,

to be mentally ill has the status of a defendant. When an infant is a defendant, he shall appear by guardian, and, if he has no guardian, the court shall appoint one. RCW 4.08.050. The juvenile court, as shown by the notice quoted above, was advised of the necessity of the minor's having a guardian ad litem and being represented by an attorney at the hearing.

RCW 4.08.050 provides in part:

"When an infant is a party he shall appear by guardian, or if he has no guardian, or in the opinion of the court the guardian is an improper person, the court shall appoint one to act. Said guardian shall be appointed as follows: . . .

"(2) When the infant is defendant, upon the application of the infant, if he be of the age of fourteen years, and applies within thirty days after the service of the summons; if he be under the age of fourteen, or neglects to apply, then upon the application of any other party to the action, or of a relative or friend of the infant."

RCW 4.08.060 provides in part:

"When an insane person is a party to an action in the superior courts he shall appear by guardian, or if he has no guardian, or in the opinion of the court the guardian is an improper person, the court shall appoint one to act as guardian ad litem. Said guardian shall be appointed as follows: . . .

"(2) When the insane person is defendant, upon the application of a relative or friend of such insane person, . . ."

RCW 71.02.140 provides:

"A copy of the application, notice of hearing, and order of apprehension shall be served upon the alleged mentally ill person by the sheriff or other person as designated by the court. The clerk of the court shall cause notice of hearing to be given to the guardian, spouse, or next of kin of the alleged mentally ill person, if known, and in that respective priority, unless such person shall have filed the original application. Such notice shall specify the name of the applicant, date of application, place of detention, and date, time, and place of hearing. Such notice shall also specify the alleged mentally ill person's right to trial by jury and right to be represented by counsel. Notice to the alleged mentally ill person may be eliminated if the court

finds that the serving of such notice might be injurious to the health of such person and if a guardian ad litem is appointed."

RCW 71.02.190 provides:

"If no guardian of the person has been appointed, the court may appoint a guardian ad litem to represent the patient during proceedings. The person filed against shall have the right to be represented by an attorney if requested."

The respondent contends that, since the minor was a ward of the juvenile court, it was, by operation of law, the guardian of the minor and the appointment of a guardian ad litem was not necessary.

■ The legislature has provided that, when a juvenile is charged with mental illness, the court may appoint a guardian ad litem and the juvenile shall have an attorney, if requested. The primary concern of the guardian is the welfare of its ward. See *State ex rel. Smith v. Superior Court,* 23 Wn. (2d) 357, 161 P. (2d) 188 (1945). In the instant case, the juvenile was only twelve years of age, and of limited mental capacity. Since he could not have known of his right to request an attorney to represent him, it was the duty of the guardian to make the request for him.

■ To change the legal status of a minor from that of a ward of the court to that of a person adjudicated to be mentally ill requires the exercise of due process. Anthony Reese was denied due process when he was not afforded representation at the hearing where he was adjudicated to be a mentally ill person. The proceeding was voidable, unless, after the court granted the reconsideration and appointed a guardian ad litem and an attorney to represent him, the subsequent hearing was upon the merits of the adjudication. The order entered February 8, 1962, and quoted in full above, does not indicate that the court's reconsideration involved the merits.

The judgment of commitment is reversed, and the cause remanded with instructions to grant to Anthony Reese proper representation and a rehearing on the merits of the application. Anthony Reese shall be detained at Western

State Hospital, or at some other suitable place selected by the court, pending final adjudication of this cause.

HILL, FOSTER, HUNTER, and HAMILTON, JJ., concur.