A. V. Fifer v. The State.

No. 6377.   Decided October 19, 1921.

Rehearing denied November 19, 1921.

**1.—Burglary—Juvenile—Waiver—Plea of Guilty.**

A juvenile accused of felony may waive his legal right to be proceeded against as a juvenile and may stand trial as any other person so situated, and where a judgment was entered with the consent of appellant upon a plea of guilty, his relatives being present at the time, and no advantage was taken by the officials and no plea of juvenility was filed and a written confession of defendant showed that he was over seventeen years of age, there was no error in overruling the motion by another attorney asking permission that the plea of juvenility be heard.

**2.—Same—Rehearing—Representation by Counsel—Juvenile Court.**

Where the motion for rehearing insisted that the appellant was under seventeen years of age at the time of the trial, and that this court erred in affirming the case, but it appeared from the record that the defendant was represented by counsel, was accompanied by one of his parents, did not see fit to file a sworn statement of his age, or that he be sent to the juvenile court, there was no error in convicting him of a felony and sentencing him to the penitentiary from the District Court.

Appeal from the District Court of McLennan.  Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*James E. Yeager,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of McLennan County of burglary, and given two years in the penitentiary.

The record is before us without statement of facts or bill of exceptions. It appears that when the case was called for trial appellant pleaded guilty and was given the minimum sentence in this, and three other cases which are also now before us, and that all of said sentences were made concurrent. Later another attorney appeared and filed a motion for new trial in each of said cases, the ground of which appears to be that appellant was a juvenile, lacking some months of being seventeen years old at the time of his trial, and that while in the opinion of appellant's former lawyer it was better for him to plead guilty, to the felony charges and serve concurrent terms amounting in all to two years in the penitentiary; it is now the belief of his other attorney,

and apparently of appellant himself, that it would be better for him to plead his juvenility and be sent to the Juvenile Training School at Gatesville. No fraud upon appellant is claimed. The judgment in each case appears to be in regular form, reciting the personal appearance of appellant in open court and his personal plea of guilty to the charge contained in the indictment after being admonished of the consequences of said plea, and that he was uninfluenced in making said plea by any persuasion or delusive hope of pardon, etc. We have always held that a juvenile accused of a felony may waive his legal right to be proceeded against as a juvenile, and may stand trial as any other person so situated; in this and its companion cases we see no reason for setting aside a judgment which appears to have been entered with the entire consent of appellant, his mother being present at the time, and in which no advantage seems to have been sought or taken by the officials in any way. No plea of juvenility was filed, and in the written confession of appellant, which is referred to in the record, it is stated that he admitted himself to be over seventeen years of age. The fact that appellant and his friends, or his new lawyer, may have concluded that he would prefer to serve a five year sentence in the Juvenile Training School to two years in the penitentiary, is not sufficient reason to justify this court in setting aside the judgment. The appellant is not now a juvenile, and if his case for any reason should be sent back he could not now be tried in the juvenile courts.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 16, 1921.

LATTIMORE, Judge.—The case is before us on appellant's motion for rehearing. It is insisted that because of certain language in our juvenile statutes indicating the duty of the trial judge in case he be satisfied from the evidence before him that the accused is under seventeen years of age, to remit the case to the juvenile court,—we erred in our opinion in concluding that it was not error for the trial court in the instant case to have proceeded to try this appellant as an ordinary felon instead of sending his case to the juvenile court. This appellant was represented by counsel of his own choosing, and was accompanied at the time of the trial by at least one of his parents, and did not see fit to file a sworn statement of his age, or request in any way that his case be sent to the juvenile court. In such case it appears beyond question, and according to all of the decisions of this court, that the trial court is not required to send such case to the juvenile court. It is settled that the accused may waive his right to be tried as a juvenile and may proceed to trial under our ordinary felony statutes. Believing

that no error appears in our former opinion the motion will be overruled.

*Overruled.*

[Nos. 6378, 6379 and 6380 are companion cases and follow this decision in every particular, and are therefore not reported separately.]