After telling his companions to take the money away while he guarded the victims, he said:

"The first man that turns his face around or makes any move, I will blow his head off."

At the time of making these remarks he was armed, had his pistol presented, and was in a position to kill.

[9] We find nothing in the record which would have made it proper for the court to instruct the jury upon any phase of insanity save that of temporary insanity caused by drunkenness. This phase was embodied in the charge which we regard as unexceptional.

The appellant testified that he had taken drinks at various places when in Ranger and that when he could get intoxicating drinks he got them; that he got drinks at drug stores and cabarets. That he had been drinking intoxicants and was thereby rendered temporarily insane was an issue clearly presented by his own testimony, but the issue of insanity save from this cause, we think, was not raised, and that the refusal to submit it was proper.

The judgment is affirmed.

---

**FIFER v. STATE. (No. 6377.)**

(Court of Criminal Appeals of Texas. Oct. 19, 1921. Rehearing Denied Nov. 16, 1921.)

1. Infants ⟷68—Juvenile may waive right to be proceeded against as such.

A juvenile accused of a felony may waive his legal right to be proceeded against as a juvenile, and stand trial as any other person so situated.

2. Infants ⟷68—Conviction not set aside on ground of subsequently formed decision to plead juvenility.

Where accused in his written confession admitted he was over 17 and filed no plea of juvenility, a judgment in regular form, entered with his consent and in the presence of his mother, reciting his personal appearance in open court and plea of guilty after being admonished of the consequences thereof and that he was uninfluenced by persuasion or hope of pardon, etc., will not be set aside, in the absence of fraud, because of defendant's subsequently formed belief, and that of a new lawyer employed by him, that it would be better for him to plead juvenility and be sent to the juvenile training school instead of the penitentiary.

On Motion for Rehearing.

3. Infants ⟷68—Court need not send case to juvenile court in absence of request and sworn statement of age.

Where a juvenile, who was represented by counsel of his own choosing and accompanied at the trial by his mother, did not file a sworn statement of his age or request that his case be sent to the juvenile court, the court was not required to send his case to such court.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

A. V. Fifer was convicted of burglary, and he appeals. Affirmed, and motion for rehearing overruled.

James E. Yeager, of Waco, for appellant.
R. H. Hamilton, Asst. Atty. Gen., for the State.

LATTIMORE, J.   Appellant was convicted in the district court of McLennan county of burglary, and given two years in the penitentiary.

The record is before us without statement of facts or bill of exceptions. It appears that when the case was called for trial appellant pleaded guilty and was given the minimum sentence in this and three other cases which are also now before us, and that all of said sentences were made concurrent. Later another attorney appeared and filed a motion for new trial in each of said cases, the ground of which appears to be that appellant was a juvenile, lacking some months of being 17 years old at the time of his trial, and that, while in the opinion of appellant's former lawyer it was better for him to plead guilty to the felony charges and serve concurrent terms, amounting in all to two years, in the penitentiary, it is now the belief of his other attorney, and apparently of appellant himself, that it would be better for him to plead his juvenility and be sent to the Juvenile Training School at Gatesville.

[1, 2] No fraud upon appellant is claimed. The judgment in each case appears to be in regular form, reciting the personal appearance of appellant in open court and his personal plea of guilty to the charge contained in the indictment after being admonished of the consequences of said plea, and that he was influenced in making said plea by any persuasion or delusive hope of pardon, etc. We have always held that a juvenile accused of a felony may waive his legal right to be proceeded against as a juvenile, and may stand trial as any other person so situated; in this and its companion cases we see no reason for setting aside a judgment which appears to have been entered with the entire consent of appellant, his mother being present at the time, and in which no advantage seems to have been sought or taken by the officials in any way. No plea of juvenility was filed, and in the written confession of appellant, which is referred to in the record, it is stated that he admitted himself to be over 17 years of age. The fact that appellant and his friends, or his new lawyer, may have concluded that he would prefer to serve a five-year sentence in the Juvenile Training School to two years in the penitentiary, is not sufficient reason to justify this court in setting aside the judgment. The appellant is not now a juvenile, and if his case for any reason should be sent back, he could not now be tried in the juvenile courts.

The judgment is affirmed.

### On Motion for Rehearing.

The case is before us on appellant's motion for rehearing. It is insisted that, because of certain language in our juvenile statutes indicating the duty of the trial judge, in case he be satisfied from the evidence before him that the accused is under 17 years of age, to remit the case to the juvenile court, we erred in our opinion in concluding that it was not error for the trial court in the instant case to have proceeded to try this appellant as an ordinary felon instead of sending his case to the juvenile court.

[3] This appellant was represented by counsel of his own choosing, and was accompanied at the time of the trial by at least one of his parents, and did not see fit to file a sworn statement of his age, or request in any way that his case be sent to the juvenile court. In such case it appears beyond question, and according to all of the decisions of this court, that the trial court is not required to send such case to the juvenile court. It is settled that the accused may waive his right to be tried as a juvenile and may proceed to trial under our ordinary felony statutes. Believing that no error appears in our former opinion, the motion will be overruled.

James E. Yeager, of Waco, for appellant.
R. H. Hamilton, Asst. Atty. Gen., for the State.

