**HARRIS, Petitioner, v. ALVIS, Respondents.**

Ohio Appeals, Second District, Franklin County.

No. 4470.   Decided November 18, 1950.

Robert L. Ratchford, Columbus, for petitioner.
Hon. Herbert S. Duffy, Atty Genl., Alan E. Schwarzwalder, Asst. Atty. Genl., Columbus, for respondents.

## OPINION

By MILLER, PJ.

The petitioner is seeking by writ of habeas corpus his release from the Ohio Penitentiary where he is serving a sentence imposed upon him by the Common Pleas Court of Cuyahoga County.  The case is submitted to this Court upon the following agreed statement of facts:

"This petitioner was arrested September 11, 1933, in Cuyahoga County, State of Ohio, upon the charge of robbery; he plead guilty to said charge; he was placed on probation in October, 1933; he violated his probation and was sent to

Ohio State Reformatory in September, 1934; he was paroled from Ohio State Reformatory in 1935; he violated his parole by leaving the State of Ohio.

"Petitioner went to the State of New York and while there was charged with burglary in the third degree to which he made a plea of guilty in Onondago County, State of New York, March 23, 1937; he was sentenced by the Onondago County Court as a second offender due to his previous conviction in Ohio; on June 17, 1943, Justice Swift of the Supreme Court, Wyoming County, State of New York, remanded the petitioner into the custody of the Sheriff of Onondago County for re-sentence; this order was based on a finding of the Court that due to the correct age of the petitioner when sentenced in Ohio, the petitioner was not a second offender in New York but a first offender and, therefore, should be re-sentenced as such; he was later paroled by New York.

"Petitioner was returned to Ohio State Reformatory in December, 1949, as a parole violator because he had left this state; he was transferred to the Ohio State Penitentiary in March of 1950.

"The actual date of birth of this petitioner, who had been born out of wedlock, had never been known by him until several years after he was sentenced in Cuyahoga County, State of Ohio; it is now ascertained that the petitioner was born on April 2, 1918, and was, therefore, fifteen (15) years of age at the time of his arrest and plea in Cuyahoga County, State of Ohio; no proceedings of any kind or nature were ever had before a Juvenile Judge, or any Juvenile Court, after this petitioner's arrest in September, 1933, in Cuyahoga County, State of Ohio.

"At the time of his arraignment and conviction in the Cuyahoga County Common Pleas Court the petitioner made no statement as to his age for the reason that he claimed he did not know. The Court ordered an investigation to be conducted as to the petitioner's age. As a result of that investigation Judge Silbert was of the opinion that the petitioner was over eighteen years of age, to wit, nineteen years of age."

The question presented is whether the trial court had jurisdiction to impose the sentence since the petitioner was never brought before the Juvenile Court of Cuyahoga County for adjudication, under the provisions of §1659 GC as amended in 1931. This section provides:

"When a minor under the age of eighteen years is arrested on and under any charge, complaint, affidavit, or indictment, whether for a felony or a misdemeanor, such child

shall be taken directly before the juvenile judge; if the child is taken before a justice of the peace, judge of the police or municipal court or court of common pleas other than a juvenile court, it shall be the duty of such justice of the peace or such judge of the police or municipal court or court of common pleas to transfer the case to the juvenile judge exercising the jurisdiction herein provided. The officers having such child in charge shall take it before such juvenile judge, who shall proceed to hear and dispose of the case in the same manner as if the child had been brought before the juvenile judge in the first instance. Upon such transfer or taking of child before such juvenile judge, all further proceedings upon or under the charge, complaint, information or indictment shall be discontinued in the court of said justice of the peace, police or municipal judge or judge of the court of common pleas other than a juvenile court, and the case against or relating to such child shall thenceforth be within the exclusive jurisdiction of such juvenile judge and shall be deemed to be upon a complaint filed in such juvenile court as fully as if the appearance of such child had been upon a complaint filed in and a citation or warrant of arrest originally issued out of and by such juvenile court."

It will be noted that upon the case being transferred to the Juvenile Court it shall have exclusive jurisdiction, but this was not done. Therefore the Juvenile Court never acquired jurisdiction over this petitioner. It was a right to which he was entitled but in failing to insist upon this before the trial court it must be assumed that he waived the same. This may be done as it was held in **State of Ohio v. Klingenberger, 113 Oh St 418, syllabus 1:**

"A minor charged with felony waives his right to object to the jurisdiction of the court of common pleas on the ground of his minority, by not filing a plea in abatement to an indictment in the court of common pleas."

In discussing the question of jurisdiction over a minor Judge Allen says at page 421:

"Under §13622 GC, the proper method to raise this objection was by a plea in abatement. Instead of filing a plea in abatement the defendant pleaded not guilty. **Sec. 13625,** (now §13439-7) **GC,** provides that the accused by demurring to an indictment, or pleading in bar, or the general issue, shall be taken to have waived all defects which may be excepted to by a motion to quash or plea in abatement. This rule has been construed and upheld in a number of authorities with regard to the motion to quash, the latest of which is **State v. Schultz, 96 Oh St, 114,** 117 N. E., 30, holding that by demurring, pleading in bar, or by pleading to the

general issue, the defendant in a criminal cause is held to have waived the defects which might be taken advantage of by motion to quash. The reasoning in those authorities certainly applies to pleas in abatement. However, no case has been cited from this jurisdiction in which it has been held that this rule applies to a minor charged with crime, even though represented, as in this case, by an attorney, and therefore defendant claims that the rule should not apply.

"It is true that the general doctrine is broadly stated to be that a waiver made by an infant will be considered void. 40 Cyc., 267; Booth v. Goodwin, 29 Ark., 633. However, the authorities that we have found in favor of this rule arise only in civil actions. On the other hand, even in civil cases there is authority to the effect that an infant must object to the jurisdiction of the courts in the same way and at the same time as adults. 31 Corpus Juris, 1160. Boyd v. Martin, 9 Heisk. (56 Tenn.) 382. No decision has been cited to the effect that an infant cannot waive his procedural rights in the conduct of a criminal case.

"No authority upon this precise point exists in the state of Ohio, and the question therefore is open here. The argument of the defendant is that, as waiver arises out of the intentional relinquishment of a known right, the infant, who, it is claimed, cannot understand and appreciate to the same extent as an adult the meaning of legal steps taken or omitted in his behalf, cannot waive his rights in a criminal cause. However, some minors understand and appreciate better than some adults charged with crime, the meaning of legal procedure in their own cases. It is unsafe to depend upon such a generalization in deciding this point. Moreover, the criminal statutes in certain respects deal with the minor as if he were sui juris. For example, the right to waive defects which might be excepted to by motion to quash, or by plea in abatement, is not to be compared in its importance with the far-reaching power exercised by the infant when he pleads guilty to a felony, as he is permitted to do under Ohio statutes and under the general law. Taylor v. Means, 139 Ga., 578, 77 S. E., 373; 2 Bishop's Criminal Procedure (2d Ed.), Section 959c; 31 C. J., 1096. Since the statute upon waiver, above cited (§13625 GC), makes no exception in the case of infants, and no case has been cited in support of the proposition, we hold that the state is correct in its contention that the defendant waived his right to question the jurisdiction of the court on the ground of his minority when he failed to file a plea in abatement."

The Common Pleas Court is of general original jurisdiction

in criminal matters. The Constitution, **Section 4, Article IV,** provides that the same shall be fixed by law. The provision is not self-executing, but requires appropriate legislation. In compliance with this authority §13422-5 GC has been enacted, which provides:

"The court of common pleas shall have original jurisdiction of all crimes and offenses, except in cases of minor offenses, the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."

It will, therefore, be seen that the Common Pleas Court had jurisdiction of the subject matter of the action. Juvenile Code, **§1639-1, et seq., GC,** does not give the Juvenile Court exclusive jurisdiction of the subject matter, as §1681 GC provides that after complying with certain conditions, "The same proceedings shall be had thereafter upon such complaint as now authorized by law for indictment, trial, judgment and sentence of any other person charged with a felony." **Sec. 1659 GC** vests exclusive jurisdiction over the infant only upon the case being transferred to it. Jurisdiction over the person may always be waived even by a minor. State of Ohio v. Klingenberger, supra. This ·identical question was passed upon in the case of **In re Evans, 67 Oh Ap 66,** which provides in syllabi 1, 2 and 3:

"1. A writ of habeas corpus will not be granted to release from the state reformatory a minor who, upon being arrested and taken before the Municipal Court, stated his age to be 19 years, when in fact he was but 17 years of age, and thereafter was indicted, pleaded guilty and was convicted in the Common Pleas Court on a criminal charge.

"2. The Juvenile Court Code, **§1639-1 et seq., GC,** does not make the jurisdiction of the Juvenile. Court exclusive throughout. It vests jurisdiction over the infant, not the crime.

"3. Jurisdiction over the person may always be waived, and waived even by a minor."

It is our conclusion that the trial court had jurisdiction of the subject of the action and that the petitioner waived the jurisdictional question over his person when he entered a plea of guilty. In the case of **In re Burson, 152 Oh St 375,** it was held that a plea of guilty to an indictment raises a presumption of waiver to a constitutional right and such waiver may be either express or implied. If a constitutional right can be waived, manifestly a legal right may also be waived. Since the trial court had jurisdiction over the defendant and the subject of the action, the application will be denied.

HORNBECK and WISEMAN, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 4470.   Decided December 18, 1950.

By THE COURT.

Application for a rehearing is denied for the reasons set forth in our previous opinion.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.