330 P.2d 116

Application of John C. VIGILEOS For a Writ of Habeas Corpus, Appellant,

v.

The STATE of Arizona, Appellee.

No. 6500.

Supreme Court of Arizona.

Sept. 30, 1958.

Martin S. Rogers, Tucson, for appellant.

Robert Morrison, Atty. Gen., and Frederick E. Kallof, Asst. Atty. Gen., for appellee.

E. R. THURMAN, Superior Court Judge.

This is an appeal from an order entered in favor of the State of Arizona, appellee, and against the appellant John C. Vigileos, dismissing appellant's petition for a writ of habeas corpus and quashing said writ.

On April 26, 1956 the appellant, who was then approximately sixteen and one-half years of age and charged with a felony, appeared before the juvenile court of Pima County and the judge thereof refused to suspend criminal prosecution of appellant as an adult. The following day a criminal complaint was filed in the justice court charging that on or about April 23, 1956 appellant did murder one Ray Garcia, a human being, while in the act of committing burglary.

A preliminary hearing on this complaint was had and at the conclusion thereof, after both the state and defense had rested, the state, based upon the evidence already adduced, moved to add to the complaint an additional charge, to-wit: "burglary, first degree, that the said John C. Vigileos, (et als.) did enter a building * * * with intent to commit a burglary, all in violation of A.R.S. [§] 13–301." This motion was granted over the strenuous objections of defense counsel. Subsequently, appellant was held to answer to superior court on charges of first degree murder and first degree burglary and was committed to the custody of the sheriff of Pima County. No further or separate preliminary hearing was ever held on the specific charge of first degree burglary.

An information, containing two counts, charging appellant with first degree murder and first degree burglary, was timely filed and appellant was arraigned thereon. Mo-

tions for separate trial, admission to bail and to quash the information were made by appellant and denied by the court before appellant entered his plea of not guilty.

Appellant failed to complain at or prior to his arraignment and plea that he had not been granted a preliminary hearing on the first degree burglary charge.

Thereafter, a motion by appellant that he be transferred to the juvenile detention ward was denied. At the conclusion of the trial the jury returned a verdict of "not guilty" of the charge of first degree murder but "guilty" of the charge of first degree burglary. On August 1, 1956 appellant was sentenced to be confined in the state prison at Florence, Arizona, for a period of not less than seven or more than ten years.

During the entire period from date of appellant's commitment to the state prison until he reached his eighteenth birthday (November 18, 1957), appellant was confined in the same section of the prison with adult male prisoners with whom he worked and associated.

Subsequently, in February of 1957, a petition for a writ of habeas corpus was filed by the appellant in the superior court of Pinal County, and hearing upon this petition—which was later amended—was had on March 9, 1957. The amended petition urged the following grounds as a basis for petitioner's discharge: (a) That appellant is unlawfully confined in the Arizona State Prison because he is confined in the same section of the prison in which adult prisoners are confined, contrary to the provisions of Article 22, Section 16, of the Constitution of Arizona, A.R.S.; (b) That the commitment under which the appellant is held in prison is unlawful in that he was convicted of first degree burglary without first having been granted a preliminary hearing on such charge and without having waived the same; and (c) That appellant is unlawfully confined in the state prison because he was unlawfully committed to the state prison in that the judicial proceedings which resulted in appellant's conviction, sentence and commitment were unlawful as the juvenile court had no authority to order appellant to stand trial as an adult.

Attorney for appellant has presented three assignments of error for this court to consider, which are substantially the same as those stated.

◼ In answer to appellant's first point the court agrees that it is unlawful to so confine any minor under the age of eighteen years, under Article 22, Section 16, of the Constitution of the State of Arizona, which provides:

> "It shall be unlawful to confine any minor under the age of eighteen years, accused or convicted of crime, in the same section of any jail or prison in which adult prisoners are confined.

Suitable quarters shall be prepared for the confinement of such minors."

However, the manner in which the appellant is confined within the state prison is not a matter to be determined by a writ of habeas corpus. The following text in 25 Am.Jur., Habeas Corpus, Section 28, states the law simply and with clarity:

"Habeas corpus is not a corrective remedy, but is concerned only with defects in a proceeding which operate to render a judgment rendered, or process issued, therein absolutely void. It cannot be invoked for use in correcting mere errors or irregularities in the proceedings of a trial court which are not jurisdictional and, at the most, render a judgment merely voidable."

This exact question has been faced by other courts. Two of such decisions state the following, which we cite with approval:

"Counsel for relator also contends that there is no provision for caring for delinquent children at the state penitentiary. That fact may not be considered by the trial court or by this court. It is the duty of the state to make provision, and, if provision has not been made, that fact does not prevent the trial court from pronouncing judgment.

"For these reasons the application for the writ must be denied." State ex rel. Sowders v. Superior Court, 105 Wash. 684, 179 P. 79, 81.

In Lingo v. Hann, 161 Neb. 67, 71 N.W.2d 716, 723, which quotes directly from Swanson v. Jones, 151 Neb. 767, 39 N.W.2d 557, 558, it is stated:

" 'The remedy of habeas corpus is not available in the absence of a statute authorizing it for the purpose of inquiring into the legality of a particular form, manner, or place of confinement executively or administratively imposed upon a prisoner lawfully in custody in an authorized place under a valid sentence and commitment.' "

The next assignment of error, which complains that appellant was tried and convicted on the felony charge of first degree burglary without having had a preliminary hearing on that charge and without having waived his rights to such a hearing, is governed by Rule 79, Rules of Criminal Procedure, 17 A.R.S., which reads as follows:

"Rule 79. No information may be filed against any person for any offense which may be punished by death or imprisonment in the state prison until such person has or waives a preliminary examination. The fact that a preliminary examination was neither had nor waived shall in no case invalidate any information in any court unless the defendant objects to such information

because of such fact before pleading to the merits."

In other words this claim comes too late and falls within the purview of our holdings in State v. Lubetkin, 78 Ariz. 91, 276 P.2d 520; State v. Singleton, 66 Ariz. 49, 182 P.2d 920.

Finally, it is urged that under Article 6, Section 6, of the Constitution of Arizona, the pertinent part of which reads as follows:

"The superior court shall have exclusive original jurisdiction in all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children, or children accused of crime, under the age of eighteen years. The judges of said courts must hold examinations in chambers of all such children concerning whom proceedings are brought, in advance of any criminal prosecution of such children, and shall have the power, in their discretion, to suspend criminal prosecution for any offenses that may have been committed by such children. The powers of said judges to control such children shall be as prescribed by law."

that since no law has ever been enacted giving said judges the authority to order a minor to be tried as an adult, the appellant in this case was illegally tried on charges of murder and burglary and convicted of burglary.

■ The court feels that this last assignment of error is wholly without merit, for a reading of the above article of the Arizona Constitution and of Section 8-201, A.R.S., viz.:

"1. 'Juvenile court' means the superior court when exercising its jurisdiction over neglected, dependent, incorrigible or delinquent children, or children accused of crime under the age of eighteen years."

makes it clear that the superior courts of the State of Arizona have the discretionary power, as was exercised in this case, to order a juvenile under eighteen years of age to stand trial as an adult. To say more with respect to this assignment would be verbose.

For the reasons herein stated the order quashing the writ of habeas corpus is affirmed.

Order affirmed.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.

Note: Justice Johnson, having disqualified himself, the Honorable E. R. Thurman, Judge of Superior Court, Maricopa County, was called to sit in his stead and participate in the determination of this appeal.