**MELLOTT, Petitioner, v. ALVIS, as Warden, Ohio Penitentiary, Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 6118.   Decided June 30, 1959.

Alfred J. Mellott, Columbus, for himself.

Mark McElroy, Atty. Genl., William M. Vance, Asst. Atty. Genl., Columbus, for respondent.

(WISEMAN, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By DUFFY, J.

A twenty-two year old petitioner seeks a writ of habeas corpus on the grounds that he was illegally sentenced by the courts of Monroe County in 1954, as he was only seventeen years of age at the time and was not processed through the Juvenile Court as the law required. The school records and the 1950 census report indicate that the petitioner was born on December 21, 1936; and the date of conviction was listed as February 24, 1954.

Secs. 2151.25 and 2151.26 R. C., provide the procedure to be followed where a juvenile is charged with an act which could be a felony if committed by an adult. Sec. 2151.25 R. C., reads as follows:

"When a child is arrested under any charge, complaint, affidavit, or indictment, whether for a felony or misdemeanor, such child shall be taken directly before the juvenile court. If the child is taken before a justice of the peace, a mayor, judge of the police or municipal court, or judge of the court of common pleas other than a juvenile court, such justice of the peace, mayor, judge of the police or municipal court, or judge of the court of common pleas shall transfer the case to the juvenile court. The officers having such child in charge shall take him before the juvenile judge, who shall proceed to hear and dispose of the case in the same manner as if the child had been brought before him in the first instance. Upon such transfer or taking of such child before such judge, all further proceedings under the charge, complaint, information, or indictment shall be discontinued in the court of said justice of the

peace, mayor, police or municipal judge, or judge of the court of common pleas other than a juvenile court, and the case relating to such child shall thenceforth be within the exclusive jurisdiction of the juvenile court and shall be deemed to be upon a complaint filed in such court as fully as if the appearance of such child had been upon a complaint filed in and a citation or warrant of arrest originally issued by such court."

Sec. 2151.26 R. C., reads as follows:

"In any case involving a delinquent child under §§2151.01 to 2151.54, inclusive, R. C., who has committed an act which could be a felony if committed by an adult, the juvenile judge, after full investigation and after a mental and physical examination of such child has been made by the bureau of juvenile research, or by some other public or private agency, or by a person qualified to make such examination, may order that such child enter into a recognizance with good and sufficient surety, subject to the approval of the judge, for his appearance before the court of common pleas at the next term thereof, for such disposition as the court of common pleas is authorized to make for a like act committed by an adult; or the judge may exercise the other powers conferred in such sections in disposing of such case."

At the time of the indictment, apparently everybody thought him to be eighteen years of age. The Common Pleas Court records show that on February 24, 1954, the petitioner appeared in open court along with his counsel and asked leave of the court to withdraw his former plea of not guilty to the crime charged in the indictment (operating a motor vehicle without the owner's consent). With the permission of the court, the plea of not guilty was withdrawn, and a plea of guilty entered. Petitioner was thereupon sentenced to the Ohio State Reformatory for an indeterminate term of from one to twenty years.

He was paroled on February 29, 1956, but had his parole revoked and was returned to the Ohio State Reformatory on December 16, 1956. He was again paroled on January 30, 1958, and returned to that institution as a parole violator on May 7, 1958.

The state does not deny the petitioner's allegations that he was not processed through the Juvenile Court but contends that he waived his rights to object to the jurisdiction of the Court of Common Pleas by not raising such a question before the trial court.

In the case of **State of Ohio v. Worden, 162 Oh St 593**, the Ohio Supreme Court considered §§2151.25 and 2151.26 R. C., and the judge writing the dissenting opinion did state that under §2151.25 R. C., the juvenile "**must** be brought before the Juvenile Court."

The law has usually seen fit to protect the juvenile's rights; but apparently the juvenile, like other individuals, can waive his rights; and where the minor charged with a felony does not object to the jurisdiction of the Court of Common Pleas on the ground of his minority by raising that question before the trial court, he has lost his right to object after sentence by that court. See **State of Ohio v. Klingenberger, 113 Oh St 418**; State v. Joiner, 20 N. P. (N. S.), 313; **Ex parte Pharr, 10 Oh Ap 395; In re Evans, 67 Oh Ap 66**; and Harris v. Alvis, 61 Abs 311.

The last two cited cases are similar in their fact pattern, and the

534

courts in those cases held that the Juvenile Court Code, §1639-1 et seq, GC (now §2151.01 et seq, R. C.), vested jurisdiction of the Juvenile Court over the infant and not the crime and that jurisdiction of the person may always be waived, even by a minor.

A plea of guilty having been entered in a court of competent jurisdiction, the writ will be denied.

BRYANT, PJ, WISEMAN, J, concur.