414 P.2d 438

**John P. FLYNN, Petitioner,**

**v.**

**SUPERIOR COURT OF MARICOPA COUNTY and Honorable Jack D. H. Hays, Judge, Respondents.**

**No. I CA–CIV 305.**

Court of Appeals of Arizona.

May 18, 1966.

Rehearing Denied June 7, 1966.

Review Denied July 12, 1966.

Lewis, Roca, Scoville, Beauchamp & Linton, by Rogers W. Kaufman, Phoenix, for petitioner.

Robert K. Corbin, Maricopa County Atty., by N. Warner Lee, Deputy County Atty., for respondents.

CAMERON, Judge.

This is an original proceeding wherein John P. Flynn seeks a writ prohibiting the Superior Court of Maricopa County from proceeding further until the petitioner has been remanded to the Juvenile Court for the exercise of that Court's jurisdiction.

We are called upon to determine if the procedures followed by the Maricopa County Superior Court and the City Court of the City of Phoenix comply with the Constitution and statutes of the State of Arizona regarding juveniles.

The facts as are necessary for a determination of this matter are as follows: Petitioner John Patrick Flynn was stopped by a police officer of the City of Phoenix on or about 25 September, 1965, and issued a traffic complaint for violation of Section 28–751, subsec. 1 as follows, "Right Turn From Wrong Lane". The information on the traffic complaint indicated that the petitioner was born 2 September, 1949, which on its face would indicate that he was 16 years of age. In the portion of the traffic complaint headed "Notice To Appear", the box was checked which, in effect, ordered petitioner to appear at the Traffic Court, Washington Street and 4th Avenue, Phoenix 3, Arizona. The box which indicated that petitioner was to appear before the Juvenile Referee, County Courthouse, Washington Street and 1st Avenue, Phoenix, Arizona, was not checked.

On 27 October, 1965, petitioner appeared before Richard Bacharach, City Magistrate of the City of Phoenix. It should be noted that on 2 November, 1964, Richard Bacharach had been appointed a Special Court Referee by the Juvenile Court Judge of Maricopa County. The order read as follows:

"IT IS ORDERED that Richard Bacharach, City Magistrate, Phoenix, Arizona, is hereby authorized to handle cases involving traffic violations by juveniles, and he is hereby appointed Special Court Referee, pursuant to Section 8–230, Arizona Revised Statutes, 1956, until further order of the Court."

Other "Special Court Referees" had been appointed since 2 July, 1957, and the record would indicate that most, if not all, of the

City Magistrates and Justices of the Peace in Maricopa County have been similarly appointed.

Petitioner at the appearance before Judge Bacharach objected, through his attorney, to the jurisdiction of the City Court. The objection was noted, and the court held a trial, found petitioner guilty, and sentenced him to pay a fine of $10.00 or serve three days in jail. The fine was paid and notice of appeal filed 28 October, 1965. It should be noted that petitioner was tried in one of the City of Phoenix courtrooms, and no attempt was made to separate petitioner from the adult offenders either by way of hearing facilities or on the "Traffic Court Docket" which contained petitioner's name along with other offenders both adult and juvenile.

On 1 November, 1965, a petition was submitted to the Superior Court of Maricopa County, Juvenile Division, stating that children under 18 years of age were alleged to have violated a traffic law of the State of Arizona. Said petition prayed that said children be brought before the Juvenile Court for disposition. By way of an attached list of the machine or "computorized" type, information relative to petitioner read as follows:

"Citation 0724063
Name, Last Flynn
First John
M.I. P.
Viol. 0751
Birth Date 9–02–49
Viol. Date 9–25–65
Soundex F 45029065250
Dispn. 021."

Petitioner was one of some 46 children so listed.

On the same day a "Referee's Report" containing the following language was submitted:

"The following children under 18 years of age appeared before the undersigned referee on the 27th day of October, 1965, because said children are alleged to have violated a traffic law of the State of Arizona, or an ordinance of a political subdivision thereof.

"It is respectfully recommended that the dispositions indicated on the attached docket be approved by the Court:

"Respectfully submitted,
" /s/                              "

This "Referee's Report" was signed by another City Magistrate who was also a "Special Referee" having been so appointed 2 July, 1957. The record before this Court indicates that the petitioner, contrary to the statements made, at no time appeared before this Referee in any of the instant proceedings.

In an informal hearing held 9 November, 1965, the Juvenile Judge of Maricopa County indicated that he would not void the City Court proceedings, and that he would hear the matter as an appeal from the City Court as trial de novo. On 23 November, 1965, the Juvenile Judge entered an order approving the Referee's Report of 1 November, 1965, and confirmed it as a judgment of the Juvenile Court.

## JURISDICTION OF THE JUVENILE COURT

We will first concern ourselves with the jurisdiction of the Juvenile Court over a person of petitioner's age who has committed a traffic offense. The Arizona Constitution as amended in 1960 reads as follows:

"The superior court shall have exclusive original jurisdiction in all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children, or children accused of crime, under the age of eighteen years. The judges shall hold examinations in chambers for all such children concerning whom proceedings are brought, in advance of any criminal prosecution of such children, and may, in their discretion, suspend criminal prosecution of such children. The powers of the judges to control such children shall

be as provided by law." Arizona Constitution, Article 6, § 15, A.R.S.

Section 8–202, subsec. A, A.R.S. states that when the Superior Court is exercising that jurisdiction it shall be known as the Juvenile Court. A.R.S. Section 8–222 provides:

"A. Any person may, and a peace officer or probation officer *shall*, give to the juvenile court information in his possession that a child is delinquent, neglected or dependent. Thereupon the court shall make preliminary inquiry to determine. whether the interest of the public or the child requires further action. When practicable, the inquiry shall include a preliminary investigation, etc." (emphasis ours)

Section 8–223 A.R.S. provides:

"When a child under the age of eighteen years is charged with the commission of a crime or violation of an ordinance before a magistrate or justice of the peace, the magistrate or justice of the peace shall certify that the child is so charged, and shall transmit the records of the case to the clerk of the superior court, and thereupon the juvenile court shall exercise jurisdiction."

■ It would appear (and we so hold) that the . petitioner was subject to the exclusive original jurisdiction of the Juvenile Court.

## AUTHORITY OF THE CITY COURT

Any authority that Judge Bacharach would have to hear and punish the petitioner would have to come from the Juvenile Court and the statutes involved. It is the contention of the respondent that this authority was granted to Judge Bacharach by virtue of the order of the Juvenile Court of 2 November, 1964, appointing Judge Bacharach a Special Court Referee. Section 8–230 A.R.S., provides:

"A. *When it appears to the court*, in *a* proceeding affecting a neglected, dependent or delinquent child, that the interests of the child will be served by ex-

amination and hearing before a referee, the judge may direct that the proceeding be so heard, and shall appoint a referee to hear the matter and report his conclusions and recommendations to the court, in writing, together with all papers relating to the matter." (emphasis ours)

■ We do not feel the procedure followed herein complies with the legislative intent. A careful reading of A.R.S. Section 8–230 indicates that a referee may be appointed in each case where "it appears to the court" that the best interest of a particular juvenile or child will be served by an examination and hearing before a referee. In view of the fact that "the aim of the court is to provide individualized justice for children", (Application of Gault, 99 Ariz. 181, 188, 407 P.2d 760, 765 [1965]) we do not believe that a blanket order referring all of a certain class of law violators to preappointed referees for hearing of their cases is sufficient compliance with the statutory requirement of determination of a child's best interests. Nor does this procedure follow the philosophy stated by Judge John Molloy:

"A child should never become a mere 'case' in a large mass of cases." Molloy, Juvenile Court, 4 Arizona Law Review, 1, 25.

The juvenile statutes require that "the hearing of any matter involving a child shall be informal", (Section 8–229 A.R.S.) and that an adjudication by the Juvenile Court "shall not be deemed a conviction" (Section 8–228 A.R.S.). It is apparent that an appearance in a traffic court before a magistrate where a traffic violator may be convicted and sentenced to pay a fine or to go to jail, is not the informal hearing without a conviction required by the juvenile statutes.

We note that the petitioner was ordered to pay a fine of $10.00 or serve three days in jail. (Respondent in its brief contends that this is in form only and that juvenile offenders are not incarcerated as a matter of practice.) Although we do not feel it necessary to rule upon the power of the Ju-

**358**

venile Court to impose fines, we do feel it is clear that *any* fine imposed by Judge Bacharach acting (as is contended by respondent), as a juvenile referee would not properly go to the City of Phoenix. The City of Phoenix has no jurisdiction to receive money collected by way of fines in a Juvenile Court proceeding. We agree with attorney for petitioner that, "A mechanized, impersonal, revenue collecting procedure is not a substitute for the individualized treatment to which a juvenile under our statutes should be subjected."

### "APPEAL" TO JUVENILE COURT

■ After petitioner filed notice of appeal and designation of record, the Judge of the Juvenile Court in an informal hearing, indicated that he would not void the City Court proceedings and that he would hear the matter as an appeal from City Court on a trial de novo. We do not agree with said procedure. The Juvenile Court had original and exclusive jurisdiction over the petitioner until the jurisdiction of the Juvenile Court was in some way divested and granted to the City Court. The City Court had no jurisdiction to try petitioner and the Superior Court had no jurisdiction to hear the matter on appeal as a trial de novo.

■ Nothing we say herein should prevent the Juvenile Court, after preliminary inquiry as provided in the Arizona Revised Statutes from remanding a juvenile, under proper conditions, and proper circumstances to the City Court to stand trial as an adult, Vigileos v. State, 84 Ariz. 404, 330 P.2d 116 (1958), but we see nothing in the statutes which would allow the procedure described herein.

Upon issuance of the mandate herein the alternative writ of prohibition is made permanent.

STEVENS, C. J., and DONOFRIO, J., concurring.