436 P.2d 948

The STATE of Arizona, Petitioner,

v.

The SUPERIOR COURT OF PIMA COUNTY, Respondent,

and

Albert C. Clough, Real Party in Interest.

No. 2 CA–CIV 496.

Court of Appeals of Arizona.

Feb. 7, 1968.

Darrell F. Smith, Atty. Gen., William J. Schafer III, County Atty., Pima County, William J. Augustine, Deputy County Atty., Tucson, for petitioner.

Charles M. Giles, Tucson, for real party in interest.

MOLLOY, Judge.

This certiorari proceeding, instituted on behalf of the State, raises the question of whether the superior court had "jurisdiction" over a 17-year old defendant as to a felony charge when the juvenile court had not refused to suspend criminal prosecution as to this defendant and the defendant did not raise the question of his age until after pleading guilty to the charge.

Prior to entry of the order quashing the information, which is the subject of this review, the following events transpired. A complaint and warrant were issued from Justice Court, Precinct No. 2, Pima County, charging defendants, Nagle and Clough, with the crimes of kidnapping, assault with a deadly weapon and attempted grand theft. Both were arraigned on these charges on September 21, 1967, at which time they executed a formal, written waiver of a preliminary hearing. On the same date, the justice of the peace ordered that both defendants be held to answer the charges.

An information charging the same crimes as charged in the complaint was subsequently filed in Pima County Superior Court. At the time of their arraignment, a lawyer[1] was appointed to represent the defendants and they entered a plea of "not guilty" as to all three counts of the information. The defendants having declined to waive the 60-day trial period, the case was ordered set for trial before a jury on November 1, 1967. Numerous pretrial motions and petitions were presented to the trial court on behalf of both defendants. These included a motion to reduce bail, a petition for a writ of habeas corpus, a motion to dismiss or remand for a preliminary hearing,[2] a motion to sever, a motion for a bill of particulars, and a motion for discovery. The petition for a

1. On October 24, 1967, the defense counsel for both defendants moved to withdraw as counsel for defendant Clough because of a possibility of conflict of interests, and requested that another attorney be appointed to represent the said defendant. The court granted the motion to withdraw and ordered that another attorney be appointed to represent defendant Clough.

2. The predicate for this motion and the previous petition for a writ of habeas corpus was the alleged denial of a right to a preliminary examination.

writ of habeas corpus was denied as well as all the other defense motions with the exception of a motion to inspect certain evidence.

On November 1, 1967, the date set for trial, only legal matters were presented to the court and the trial commenced the following day. The morning was consumed with selection of the jury. Thereafter, following opening statements to the jury and prior to presentation of the State's case, the defendant Clough, in the absence of the jury, withdrew his plea of "not guilty" and entered a plea of "guilty" to count two of the information charging the crime of assault with a deadly weapon. The court accepted the plea and on motion of the State, ordered that counts one and three of the information be dismissed as to defendant Clough. The court instructed the jury that defendant Clough was no longer in the case and the trial proceeded as to defendant Nagle. November 9, 1967, was set as the date for sentencing of Clough, but when this day arrived, the matter was continued to November 16, 1967. On the latter date, however, the matter was once again continued to December 4, 1967, upon motion of defense counsel.

On November 22, 1967, the defendant Clough moved to quash the information for the reason that the court " * * * was without jurisdiction to hear or make disposition of the criminal charges filed." The memorandum in support thereof stated that at or shortly before the date set for sentencing, November 9, 1967:

" * * * it was discovered and determined that the Defendant, ALBERT C. CLOUGH, was seventeen (17) years of age and would not attain his eighteenth (18th) birthday until November 11, 1967. In other words, at the time the Information was filed, the arraignment

held, the trial begun, and the plea entered, ALBERT C. CLOUGH was a juvenile."

The State, in its response to the motion to quash, filed a memorandum stating, *inter alia*, that:

"Further, when defendant ALBERT C. CLOUGH refused to reveal that he was under eighteen years of age he thereby waived any privileges to be treated as a juvenile he may have had and thereby is estopped from now asserting any claim to privileges that may have been afforded him under provisions of A.R.S. § 8–202 et seq."

Neither the motion nor the response thereto was supported by affidavit or other evidence relating to the defendant's age. The December 4, 1967, minute entry order [3] granting the defendant's motion to quash the information indicates only that the defendant was present and that both counsel for the State and for the defendant made statements to the court. Since the minutes of the trial court are presumed to speak the truth, State v. Anders, 1 Ariz.App. 181, 400 P.2d 852 (1965), we must perforce conclude that no evidence was presented to the trial court bearing on the defendant's age or any misrepresentation in regard thereto.

Generally speaking, on a motion to quash, the accused must prove the grounds alleged for setting aside the accusation. Cochran v. United States, 310 F.2d 585 (8th Cir.1962); State v. Pennick, 364 S.W.2d 556 (Mo.1963); Bates v. State, 166 Tex.Cr.R. 177, 312 S.W.2d 675 (1958); 42 C.J.S. Indictments and Informations § 214b(1). Contrariwise, we would regard the burden of producing evidence of any misrepresentation as to defendant's age to be upon the State which asserts such fact. Yeazell v. Copins, 98 Ariz. 109, 402 P.2d 541 (1965). There being factual issues critical to the legal problems presented,

3. "IT IS ORDERED that Defts. [Clough] Motion to Quash Information is granted, effective December 8, 1967.

"IT IS FURTHER ORDERED that the County Attorney file a new Informa-

tion covering the same charges on or before December 8, 1967."

disposition of the motion to quash required the taking of evidence on these issues. See Thompson v. Mossburg, 193 Ind. 566, 139 N.E. 307, 141 N.E. 241 (1923); 60 C.J.S. Motions and Orders §§ 37a and d, and 38. Such not having been done, the order entered below must be set aside.

Because it is quite apparent that the same fundamental question of "jurisdiction" will undoubtedly plague the trial court again, we shall address ourselves to resolution of this legal question. In his motion to quash, the defendant argued that the superior court had never acquired jurisdiction for the reason that compliance with A.R.S. § 8–223 was a prerequisite to the acquisition of such jurisdiction. A.R.S. § 8–223 provides:

"When a child under the age of eighteen years is charged with the commission of a crime or violation of an ordinance before a magistrate or justice of the peace, the magistrate or justice of the peace shall certify that the child is so charged, and shall transmit the records of the case to the clerk of the superior court, and thereupon the juvenile court shall exercise jurisdiction."

Article 6, section 15, of the Arizona Constitution, A.R.S., provides:

"The superior court shall have exclusive original jurisdiction in all proceedings and matters affecting dependent, neglected, incorrigible or delinquent children, or children accused of crime, under the age of eighteen years. The judges shall hold examinations in chambers for all such children concerning whom proceedings are brought, in advance of any criminal prosecution of such children, and may, in their discretion, suspend criminal prosecution of such children. The powers of the judges to control such children shall be as provided by law."

█ We agree with the defendant that the authority to conduct the examination prescribed in article 6, section 15, of the Arizona Constitution, and to either order suspension of criminal prosecution of children accused of crime under the age of eighteen years, or, in the alternative, to waive juvenile court jurisdiction, is vested solely in the superior court while acting as a juvenile court. A.R.S. § 8–202.

In the recent case of McClendon v. Superior Court, 6 Ariz.App. 497, 433 P.2d 989 (1967), we had occasion to consider whether the continuing jurisdiction of the superior court in a divorce proceeding as to the custody of a minor child was terminated because the juvenile court had acquired jurisdiction of the minor child. We held:

"We believe in Arizona that when the juvenile court rightfully assumes jurisdiction over a child, such jurisdiction is sufficiently 'exclusive' so that hearings and orders as to the custody of that child in other judicial proceedings are unauthorized."
433 P.2d at 992.

The McClendon holding is inapposite here since there was no assumption of jurisdiction over the defendant by the juvenile court. On the contrary, the defendant contends the jurisdictional flaw in the criminal proceedings consists of the juvenile court's non-assumption of jurisdiction to determine whether it would refuse to suspend criminal prosecution.

The defendant relies upon decisions invalidating criminal prosecutions when no juvenile referral was had: Robinson v. Kieren, 309 Ky. 171, 216 S.W.2d 925 (1949); Wade v. Warden of State Prison, 145 Me. 120, 73 A.2d 128 (1950); State ex rel. Knutson v. Jackson, 249 Minn. 246, 82 N.W. 2d 234 (1957); Wilson v. State, 65 Okl.Cr. 10, 82 P.2d 308 (1938); and see Flynn v. Superior Court, 3 Ariz.App. 354, 414 P.2d 438 (1966); Ex parte Tassey, 81 Cal.App. 287, 253 P. 948 (1927); and Trujillo v. Cox, 75 N.M. 257, 403 P.2d 696 (1965) (the latter three cases are not cited by the defendant but reach similar conclusions). But, in each of these cases, the juvenility of the defendant was known to the prosecuting authorities and/or to the court at the time the criminal proceedings commenced. In holding that the exercise of juvenile court

jurisdiction was a "jurisdictional" prerequisite to the trial court's jurisdiction, these courts came to such conclusions after finding the procedure prescribed by statute for transfer by the juvenile court had been violated without any fault or waiver on the accused's part appearing in the record.

All cases which have come to our attention dealing with a misrepresentation or nondisclosure of age have held that referral to the juvenile court is a right which may be waived by the juvenile. People v. Oxnam, 170 Cal. 211, 149 P. 165 (1915); People v. Navarro, 212 Cal.App.2d 299, 27 Cal.Rptr. 716 (1963); People v. Lavandera, 108 Cal.App.2d 431, 239 P.2d 30 (1951); Ex parte Gutierrez, 1 Cal.App.2d 281, 36 P.2d 712 (1934); Ex parte Tassey, 81 Cal. App. 287, 253 P. 948 (1927); Ex parte Bastiani, 81 Cal.App. 294, 253 P. 951 (1927); State v. Reid, 391 S.W.2d 200 (Mo.1965); Mellott v. Alvis, 109 Ohio App. 486, 162 N.E.2d 623 (1959); State v. Peterson, 9 Ohio Misc. 154, 223 N.E.2d 838 (1966); Harris v. Alvis, Ohio App., 104 N.E.2d 182, 61 Ohio Law Abst. 311 (1950); Bradley v. State, 365 S.W.2d 789 (Tex.Cr. App.1963); Ex parte Nolden, 172 Tex.Cr. R. 553, 360 S.W.2d 151 (1962); Ex parte Munoz, 152 Tex.Cr.R. 413, 209 S.W.2d 767 (1948); Rice v. State, 137 Tex.Cr.R. 21, 127 S.W.2d 889 (1939); Valdez v. State, 98 Tex.Cr.R. 166, 265 S.W. 161 (1924); Fifer v. State, 90 Tex.Cr.R. 282, 234 S.W. 409, 410, 411 (1921); State ex rel. Hinkle v. Skeen, 138 W.Va. 116, 75 S.E.2d 223, cert. denied 345 U.S. 967, 73 S.Ct. 954, 97 L.Ed. 1385 (1953).

■ A felony prosecution such as this is within the exclusive jurisdiction of the superior court. Ariz.Const. art. 6, § 14; A.R.S. § 22–301. Although jurisdiction of both the offense and the person are required, Peterson v. Jacobson, 2 Ariz.App. 593, 411 P.2d 31 (1966), an objection as to jurisdiction of the person may be waived. Hess v. United States, 254 F.2d 578 (8th Cir.1958); United States v. Solomon, 216 F.Supp. 835 (D.C.1963); In re Dare, Okl. Cr.App., 370 P.2d 846 (1962); 21 Am.Jur.

2d Criminal Law § 379; 22 C.J.S. Criminal Law § 161. We are of the opinion that the defect in "jurisdiction" that exists in a criminal prosecution against a juvenile defendant by reason of there being no order refusing to suspend criminal prosecution in the juvenile court is a defect relating to jurisdiction over the person. Ex parte Tassey, 81 Cal.App. 287, 253 P. 948 (1927); State v. Dehler, 257 Minn. 549, 102 N.W.2d 696, 89 A.L.R.2d 496 (1960); Harris v. Alvis, Ohio App., 104 N.E.2d 182, 61 Ohio Law Abst. 311 (1950). In *Harris,* we find the following:

"It is our conclusion that the trial court had jurisdiction of the subject of the action and that the petitioner waived the jurisdictional question over his person when he entered a plea of guilty. In the case of In re Burson, 152 Ohio St. 375, 89 N.E.2d 651, it was held that a plea of guilty to an indictment raises a presumption of waiver to a constitutional right and such waiver may be either express or implied. If a constitutional right can be waived, manifestly a legal right may also be waived. Since the trial court had jurisdiction over the defendant and the subject of the action, the application will be denied."
104 N.E.2d at 185.

Rule 177, R.Crim.P., 17 A.R.S., provides for an automatic waiver of certain objections by failing to move to quash prior to entering a plea:

"If the defendant does not move to quash the indictment or information before or at the time he pleads thereto, he shall be taken to have waived all objections or defenses which are grounds for a motion to quash, *except those which are also grounds for a motion in arrest of judgment * * *.*"
(Emphasis added)

■ Lack of "jurisdiction of the offense charged or of the person of the defendant" are grounds for a motion to quash the information. Rule 169(A) (1) (h), R.Crim. P., 17 A.R.S. But only lack of "jurisdiction

of the action" is included among the grounds for a motion in arrest of judgment. Rule 316, R.Crim.P., 17 A.R.S. We conclude that jurisdiction over the person is a defect that is waived by failure to raise this defense prior to entering of a plea.

■ Since this waiver statute makes no exception in the case of infants, we are of the opinion that a defendant may waive his right to question the jurisdiction of the court on the grounds of his minority when he fails to file a motion to quash the information before pleading thereto. See Harris v. Alvis, Ohio App., 104 N.E.2d 182, 61 Ohio Law Abst. 311 (1950); State v. Klingenberger, 113 Ohio St. 418, 149 N.E. 395 (1925).

■ This rule of waiver, however, is not an inflexible one, for the court has discretion to allow withdrawal of a plea. State v. Superior Court, 102 Ariz. 588, 435 P.2d 485 (filed Dec. 15, 1967); State v. Moreno, 102 Ariz. 399, 430 P.2d 419 (1967). Whether or not such discretion should be exercised to nullify the automatic waiver provision of Rule 177 must be governed by the facts and circumstances of each individual case.

■ In considering a motion for leave to withdraw a plea of guilty, the parties should be given full opportunity to present all the facts and circumstances necessary for a determination of whether, in fairness, the defendant should be allowed to withdraw his plea. In so doing, the trial court will give due consideration to the defendant's age. See Application of Estrada, 1 Ariz.App. 348, 403 P.2d 1 (1965).

Another factor to be weighed is the stage of the proceedings at which the question is raised. In the case of State v. Peterson, 9 Ohio Misc. 154, 223 N.E.2d 838 (1966), it appears that the defendant affirmatively misrepresented her age to the police officer when stopped for a traffic violation and did not reveal her true age during the entire trial. In denying a motion for a new trial upon the ground of the defendant's minority, the court stated:

"There is no correct concept of justice which entitles a person under these circumstances formally to declare her guilt and gamble with fate in the expectation of a light sentence and then to demand another trial as her right when the sentence is greater than she expected.

"A decision contrary to the one I have reached could well cause a high incidence of age misrepresentations with the deceitful party waiting to see how he fares in adult court before disclosing his minority. This not only is fraudulent but would be a ridiculous mockery of the courts."

223 N.E.2d at 840.

■ If the defendant either misrepresented his age or intentionally failed to raise his age as an objection to the prosecution in the "adult" court in order to buy time or information, in the absence of other persuasive circumstances, concepts of fairness would not suggest that the trial court exercise its discretion in favor of withdrawal. If a 17-year old defendant chooses to be treated as an adult and avails himself of the processes of the superior court to the extent of impaneling a jury for trial of the charge, he should not be permitted to take an inconsistent position unless there are cogent explanatory circumstances. Cf. Green v. Green, 77 Ariz. 219, 269 P.2d 718 (1954); Brandt v. Brandt, 76 Ariz. 154, 261 P.2d 978 (1953). As we have hitherto stated in Nesbitt v. Nesbitt, 1 Ariz.App. 293, 402 P.2d 228 (1965):

"The defense of infancy has always been intended as a shield to protect *unsuspecting* minors. We will not condone its use as a sword by one who neither needs or deserves protection." (Emphasis added)

1 Ariz.App. at 297, 402 P.2d at 232.

■ Contrariwise, if a motion to withdraw the plea of guilty is granted, we see no reason to quash the information. The cause cannot be certified to juvenile court as the defendant is beyond the age of juvenile court jurisdiction. A.R.S. §§ 8–221, 8–223.

The sole purpose of a preliminary hearing is to determine whether the evidence is sufficient to find probable cause to hold the defendant to answer for the offense charged. State v. Wise, 101 Ariz. 315, 419 P.2d 342 (1966); State v. Smith, 99 Ariz. 106, 407 P.2d 74 (1965). A defendant of the age of seventeen years is not precluded from waiving the right to a preliminary hearing, see State v. Peats, 97 Ariz. 133, 397 P.2d 631 (1964), and in this case the lower court has determined the defendant knowingly waived this right.

The purpose of an information is to give notice of the charges brought and serve as a record to prevent double jeopardy. State v. Kuhnley, 74 Ariz. 10, 242 P. 2d 843 (1952). The serving of these purposes will not be enhanced here by going through the formality of filing a new information. We do not regard the filing of this information to be a nullity. If the plea is set aside, we are of the opinion that the defendant, who is now 18-years of age, can be tried thereunder without reference back to the juvenile court for what would be a futile purpose. State v. Dehler, 257 Minn. 549, 102 N.W.2d 696, 702, 89 A.L.R.2d 496 (1960); cf. Burrows v. State, 38 Ariz. 99, 297 P. 1029 (1931).

The order of superior court is hereby vacated and the cause remanded for further proceedings not inconsistent with this opinion.

HATHAWAY, C. J., and KRUCKER, J., concur.